In addition to what has been said above, the writer is still inclined to the view expressed in the short dissenting opinion on the first appeal in this case, to the effect that in so far as the bill attacks the legal existence of the drainage district as a public corporation, it is a collateral attack, under the principles laid down in State v. City of Sarasota,92 Fla. 563, 109 So. 473, and West v. Town of Lake Placid, 97 Fla. 127, 120 So. 361; quo warranto by the State being the proper remedy in such a case. However, I might say that I concur in the views, above expressed that the statute under which the district was organized is a valid statute, and that the district was established in substantial compliance with the statute. Certainly, under those circumstances, the legal existence of the district is not subject to attack otherwise than by quo warranto instituted by the State. See 97 Fla. 1007,1031; 122 So. 570, 578. There are other questions presented by the bill and demurrer thereto, and the answer and the evidence, which the above opinion evidently does not deem to have been *Page 70 
presented by the rulings of the court below, and hence not ruled on in this appeal upon which I express no opinion.